# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**Case No.:**

VANESSA BLAKE,

    **Plaintiff,**

                            **COMPLAINT**

v.

EQUIFAX INFORMATION SERVICES LLC, and EASTERN ACCOUNT SYSTEMS OF CONNECTICUT INC,

                    **DEMAND FOR JURY TRIAL**

    **Defendants.**

_____/

## <u>COMPLAINT</u>

Plaintiff, Vanessa Blake ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services LLC, ("Defendant Equifax" or "Equifax"), and Defendant Eastern Account Systems of Connecticut Inc, ("Defendant EAS" or "EAS"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Volusia County, Florida.

5.      Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by the FCRA, 15 USC §1681a(f).

6.       Defendant Eastern Account Systems of Connecticut Inc is a Connecticut corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. EAS is a "person" as defined by the FCRA, 15 USC §1681a(b).

## <u>GENERAL ALLEGATIONS</u>

7.      This action involves derogatory and inaccurate reporting of an alleged collection account (the "Account") by EAS to the Credit Reporting Agency, Equifax Information Services LLC.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

8. The EAS Account ending in *8469 is for a debt allegedly owed by Plaintiff to WideOpenWest Inc for cable and/or cellular service.

9. Plaintiff has never had an account with WideOpenWest Inc and did not contract with WideOpenWest Inc for cable and/or cellular service from them; she does not owe this alleged debt.

10. In or around February 2024, Plaintiff requested a copy of her credit report from Defendant Equifax. The report listed EAS Account in collections.

11. In or around February 2024, Plaintiff submitted a dispute to Defendant Equifax requesting that it remove the Account from her Equifax report because she did not recognize it and it was not hers.

12. In or around March 2024, Defendant Equifax verified the Account as accurate despite receiving evidence from Plaintiff that the Account was fraudulent and inaccurate and not the Plaintiff's.

13. Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Account being reported by Defendant Equifax and furnished by Defendant EAS.

14. As of the filing of this complaint, Defendant Equifax is still reporting the Account on Plaintiff's credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 1
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant Equifax)

15.     Plaintiff incorporates by reference paragraphs ¶¶ 1-14 of this Complaint.

16.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Equifax and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Equifax, a consumer reporting agency.

17.     In or around February 2024, Plaintiff checked her credit report and noticed that there were inaccurate reports from Defendant Equifax. Therefore, in or around February 2024, Plaintiff disputed this inaccurate and derogatory information to Equifax.

18.     Defendant EAS verified the Account. Despite Equifax having been put on notice of the fraudulent and inaccurate reporting, Equifax did not remove the Account from Plaintiff's Equifax credit report.

19.     As of the filing of this complaint, Defendant EAS's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

20.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

financial information about consumer transactions or experiences with any consumer.

21.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

22.     Despite Defendant Equifax having received Plaintiff's dispute of the Account, Equifax continues to report the Account with an outstanding unpaid balance from EAS.

23.     Continuing to report the status of the Account in this fashion is significant.

24.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

25.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

26.     Equifax failed to conduct a reasonable investigation and reinvestigation.

27.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

28.     Equifax failed to conduct an independent investigation and, instead, deferred to EAS, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

29.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

30.     Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

31.     Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant EAS despite being in possession of evidence that the information was inaccurate.

32.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

33.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

34.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

35.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Equifax credit report.

36.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

37.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly  and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

38.    The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

39.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

40.    The appearance of the account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

41.    As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

42.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

### COUNT 2
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

43.     Plaintiff incorporates by reference paragraphs ¶¶ 1-14 above of this Complaint.

44.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

45.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

46.     On at least one occasion within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

47.     Additionally, Equifax negligently failed to report the Account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

48.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Equifax to  delete; and [h] the failure to take adequate steps to verify information Equifax had reason to  believe was inaccurate before including it in the credit report of the consumer.

49.     The conduct, action, and inaction, of Equifax was negligent, thereby

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

50.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

51.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

52.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant EAS)

53.     Plaintiff incorporates the allegations regarding the Account and Defendant EAS in paragraphs ¶¶ 1-14 and by reference of this Complaint.

54.     Defendant EAS is a company specializing in debt collection.

55.     In or about February 2024, Plaintiff checked her credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant EAS.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

56.     In or about February 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Equifax by Defendant EAS.

57.     In response to the Dispute, Defendant Equifax promptly and properly gave notice to Defendant EAS of the Dispute in accordance with the FCRA.

58.     As of the filing of this complaint, the debts have continued to be verified by Defendant EAS.

59.     Defendant EAS is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

60.     On a date better known by Defendant EAS, Defendant Equifax promptly and properly gave notice to Defendant EAS of Plaintiff's Dispute in accordance with the FCRA.

61.     In response to the notices received from Defendant Equifax regarding Plaintiff's Dispute, Defendant EAS did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

62.     In response to receiving notice from Defendant Equifax regarding Plaintiff's Dispute, Defendant EAS failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Equifax could not otherwise verify.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

63.     Instead of conducting a reasonable investigation, Defendant EAS erroneously validated the Account and continued to report inaccurate and fraudulent information to Defendant Equifax.

64.     On at least one occasion within the past year, by example only and without limitation, Defendant EAS violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

65.     On at least one occasion within the past year, by example only and without limitation, Defendant EAS violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Equifax and Trans Union.

66.     On at least one occasion within the past year, by example only and without limitation, Defendant EAS violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Equifax about the inaccurate information.

67.     Upon information and belief, Defendant EAS was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

68.     Defendant EAS's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

69.     As a direct and proximate result of Defendant EAS's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

70.     Defendant EAS's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant EAS, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant EAS)

72.     Plaintiff incorporates the allegations regarding the Account and Defendant EAS in paragraphs ¶¶ 1-14 by reference of this Complaint.

73.     On at least one occasion within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Defendant EAS violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

74.   On one or more occasions within the past year, by example only and without limitation, Defendant EAS violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

75.   On one or more occasions within the past year, by example only and without limitation, Defendant EAS violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

76.   When Defendant EAS received notice of Plaintiff's dispute from Defendant Equifax, Defendant EAS could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

77.   Defendant EAS would have discovered that the information it was reporting about Plaintiff was inaccurate and the Account was fraudulent and inaccurate if Defendant EAS had reviewed its own systems and previous communications with the Plaintiff.

78.   Defendant EAS's investigation was per se deficient by reason of these failures in Defendant EAS's investigation of Plaintiff's Dispute.

79.   As a direct and proximate result of Defendant EAS's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

80.     Defendant EAS's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

81.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant EAS awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: April 24, 2024

Respectfully Submitted,

  /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:  jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:  jen@jibraellaw.com
The Law Offices of Jibrael S.
Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com